439 P.2d 288

**STATE of Utah, Plaintiff and Respondent,**

v.

**Marvin Joe REEVES, Defendant and Appellant.**

**No. 10865.**

Supreme Court of Utah.

March 25, 1968.

Ronald N. Boyce, Salt Lake City, for appellant.

Phil L. Hansen, Atty. Gen., LeRoy S. Axland, Asst. Atty. Gen., Salt Lake City, for respondent.

HENRIOD, Justice.

Appeal from a grand larceny conviction. Affirmed.

About 1:00 a. m. one Asher, owner of a floor polisher and brush attachment, parked his pickup truck in a parking lot north of a cafe, where he and a friend stopped for coffee. While in the cafe these items were removed from the truck. Two transient truck drivers witnessed the removal and told Asher of the incident. Asher approached Reeves, who at that time was peering through one of the cafe's windows abutting and to the rear of the cafe. The police responded to a call within minutes and handcuffed Reeves, after having him place his hands on the white-topped police car. Fresh blood later was found on the top, as was found on the handle and cord of the polisher. The brush was recovered from the back seat of the car where Reeves was lying when apprehended. Asher identified Reeves, as did the police officers. So did the two truck drivers, but in a line-up, four months later, they identified some-one else. At the trial it was conceded that there was an inconsistency in their identifications. Nonetheless, such inconsistency was only one phase of the evidence, where others positively identified Reeves. Coupled with this was the evidence of the blood on the police car and the recovery of the polisher within minutes of the taking, coupled with the bleeding finger of the accused, together with other evidence not necessary to canvass here, that precipitated a jury question.

The only point on appeal is that the trial court erred in failing to direct a verdict of innocence based on the facts. To have done so would have required the trial court to ignore substantial and competent evidence that happened to be discordant with the faulty, inconsistent evidence of identification by two witnesses, as contrasted with that of several others whose positive identification was not fragmented on direct or cross-examination. We think there was a genuine jury question based on both positive and circumstantial evidence, resolved by the jury in about an hour and a half. From the facts reflected in this record, it would appear that the spirit of Bacchus, rather than nonidentification, may have been a more propitious defense. That moist defense was not urged by anyone.

CROCKETT, C. J., and CALLISTER, TUCKETT, and ELLETT, JJ., concur